UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,

    Plaintiff,

    v.                                            CAUSE NO.: 3:19-CV-1172-PPS-MGG

ST. JOSEPH COUNTY JAIL SHERIFF,

    Defendant.

OPINION AND ORDER

Michael Maxie, proceeding pro se, filed a complaint and a motion for leave to proceed in forma pauperis. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Although Maxie qualifies financially for in forma pauperis status, I will not grant the instant motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In the complaint,[1] Maxie alleges that, on October 8, 2017, the South Bend Police Department arrested him on a charge of domestic battery. (ECF 1 at 1.) Maxie further alleges he was detained at the St. Joseph County Jail where he was locked down in his cell for twenty-three hours every other Wednesday for purposes of jail staff training.

---

[1] In accordance with Fed. R. Evid. 201, I have taken judicial notice of the complaint from a duplicative case filed by Maxie on December 14, 2017, in *Maxie v. Lawson*, 3:17-cv-936 (N.D. Ind. dismissed Jan. 24, 2018), as well as the electronic docket for his State criminal case in *State v. Maxie*, 71D02-1710-F6-957, available at https://public.courts.in.gov/mycase/.

(*Id.*) Following a two-day jury trial which began on December 19, 2017, the jury acquitted Maxie on the charge of domestic battery on December 20, 2017.

Maxie's claims are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). Maxie alleges he was on unlawful lockdown every other Wednesday after his arrest on October 8, 2017. Because Maxie's trial started on December 19, 2017, and he was acquitted by the jury on December 20, 2017, his alleged constitutional violations must have occurred before December 19, 2017. As a result, when Maxie initiated this case more than two years later on December 20, 2019, he was several days too late. Therefore, Maxie may not proceed on this complaint.

Nevertheless, I will give Maxie the opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Maxie should file an amended complaint only if, after reviewing this order, he believes that he can state a timely and meritorious federal claim.

For these reasons, the court:

(1) GRANTS Michael Maxie until <u>March 5, 2020</u>, to file an amended complaint; and

(2) **CAUTIONS** Michael Maxie that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

ENTERED: February 5, 2020.

                                                              /s/ Philip P. Simon
                                                           PHILIP P. SIMON, JUDGE
                                                           UNITED STATES DISTRICT COURT