UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-1172-PPS-MGG

ST JOSEPH COUNTY JAIL SHERIFF,

Defendant.

OPINION AND ORDER

Michael Maxie, proceeding pro se, filed an amended complaint and a motion for leave to proceed in forma pauperis. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Though Maxie qualifies financially for in forma pauperis status, I will not grant the instant motion if his allegations fail to state a claim upon which relief may be granted or if I find that this lawsuit is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

In the amended complaint, Maxie alleges that, on October 8, 2017, the South Bend Police Department arrested him on a charge of domestic battery. He was detained at the St. Joseph County Jail where he was locked down in his cell for twenty-three hours every other Wednesday. According to the State court docket,[1] on December 19,

---

[1] In accordance with Fed. R. Evid. 201, I have taken judicial notice of the docket for his State criminal case in *State v. Maxie*, 71D02-1710-F6-957, available at https://public.courts.in.gov/mycase/.

2017, his criminal trial began and resulted in his acquittal the following day.

In a previous order, I observed that, given this timeline, the twenty-three hour lockdowns for Maxie necessarily must have ended before December 19, 2017,[2] but that he did not initiate this lawsuit until December 20, 2019. ECF 3. Because the applicable statute of limitations is two years, I concluded that the complaint was untimely but granted Maxie leave to amend the complaint if he believed he could state a timely claim. The amended complaint no longer includes any references to when the lockdowns ended, but Maxie continues to provide no explanation as to why he believes the claim is timely. It thus appears that Maxie has knowingly asserted an untimely claim, which indicates that this lawsuit is malicious. Additionally, Maxie names Sheriff Redman as the sole defendant and alleges that he personally caused these lockdowns, but these allegations are implausible because Sheriff Redman did not assume the office of sheriff until January 1, 2018.[3] Consequently, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) because the amended complaint does not state a claim upon which relief can be granted and because this case is malicious.

SO ORDERED.
ENTERED: March 23, 2020.

                                                   /s/  Philip P. Simon
                                                   PHILIP P. SIMON, JUDGE
                                                   UNITED STATES DISTRICT COURT

---

[2] Specifically, December 19, 2017, was a Tuesday, which indicates that Maxie was last subjected to a 23-hour lockdown on December 6 or December 13, 2017.

[3] I have also taken judicial notice of the date Sheriff Redman began his term as sheriff. *See* https://www.sjcindiana.com/1200/Sheriff, last visited March 23, 2020 ("Elected to Sheriff in November 2018"); https://wsbt.com/news/local/st-joseph-county-sheriff-bill-redman-prepares-to-start-on-january-first ("Bill Redman will be the new sheriff on January 1.").